IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02203-BNB

NICHOLAS VALDEZ,

    Applicant,

v.

RICHARD SMELSER, Warden, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 07 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

I. Background

Applicant Nicholas Valdez is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Valdez, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his 2005 State of Colorado conviction.

In an order filed on September 29, 2009, the Court directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On October 19, 2009, Respondents filed their Pre-Answer. Mr. Valdez did not file a Reply.

Mr. Valdez asserts that he was convicted by a jury in the Pueblo County District Court of Colorado in Case No. 04CR1942 of third degree assault, menacing with a deadly weapon, and attempted first degree murder, and he was sentenced to a total of twenty-four years of incarceration. (Am. Application (Sept. 24, 2009) at 2.) He further asserts that he filed a direct appeal, in which a petition for writ of certiorari was denied on August 24, 2009. (Am. Application at 3.) Although not clear, it appears that Mr. Valdez also asserts he filed a habeas corpus petition on January 15, 2009, that was denied on January 23, 2009, and two Colo. App. R. 21 writs of mandamus that were denied in both January 2008 and June 2009. (Am. Application at 4.)

The Court notes that Mr. Valdez has provided conflicting information regarding the date his petition for certiorari review was denied by the Colorado Supreme Court. In **Valdez v. Smelser, et al.**, 09-cv-00888-ZLW (D. Colo. July 31, 2009), a previous habeas application filed by Mr. Valdez that was dismissed as a mixed petition, Mr. Valdez asserted that his petition for certiorari review, in the direct appeal of his state criminal case, Case No. 04CR1942, was denied by the Colorado Supreme Court on June 23, 2008, not on January 23, 2009, and that he filed a Colo. R. Crim. P. 35(a) postconviction motion on May 7, 2008, which still was pending in state court when he filed Case No. 09-cv-00888-ZLW in April 2009. Mr. Valdez also asserted in Case No. 09-cv-00888-ZLW that he filed a writ of mandamus on January 14, 2008.

Nonetheless, Respondents concede that the Application is timely under 28 U.S.C. § 2244(d). Whether the Court considers the dates given by Respondents or by Mr. Valdez for the times during which Mr. Valdez had a postconviction or collateral pending in state court, the Application is timely under 28 U.S.C. § 2244(d).

Mr. Valdez has raised three claims in the instant action, including that (1) the trial court lacked subject matter jurisdiction to prosecute him; (2) he was subjected to a double jeopardy violation; and (3) his due process rights were violated by the trial court and the prosecution.

II. Analysis

The Court must construe liberally Mr. Valdez's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss Claims One and Two and draw Claim Three to a district judge and to a magistrate judge.

Respondents argue that Mr. Valdez has failed to exhaust his state court remedies in all claims. First, Respondents assert that Mr. Valdez failed to present Claims One and Two as federal constitutional issues in his state court proceedings. (Pre-Answer at 7-9.) Respondents further argue that the claims now are procedurally defaulted because any attempt to relitigate these claims as violations of federal constitutional law would be rejected as successive and an abuse of process under Colo. R. Crim. P. 35(c)(3)(VII). (Pre-Answer Resp. at 8.) Citing to *Gray v. Netherland*, 518 U.S. 152, 162 (1996), and *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995), Respondents contend that federal review of Claims One and Two is foreclosed because Mr. Valdez fails to demonstrate cause and prejudice for the default or

establish a fundamental miscarriage of justice such as actual innocence. (Pre-Answer Resp. at 9.)

As for Claim Three, Respondents assert that the claim is not exhausted because the claim was presented as a violation of the Colorado constitution and federal statutes and not as a federal constitutional issue. (Pre-Answer Resp. at 9.)

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional

4

claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*,

513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner

bringing a federal habeas corpus action bears the burden of showing that he has

exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398

(10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been

defaulted in state court on an independent and adequate state procedural ground.

***Steele v. Young***, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state

procedural ground is independent if it relies on state law, rather than federal law, as the

basis for the decision . . . .  For the state ground to be adequate, it must be strictly or

regularly followed and applied evenhandedly to all similar claims."  *See Hickman v.*

***Spears***, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations

omitted).  Also, if it is obvious that an unexhausted claim would be procedurally barred

in state court the claim is held procedurally barred from federal habeas review.  *Steele*,

11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris*

*v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been

defaulted in state court on an independent and adequate state procedural ground,

unless the petitioner can demonstrate cause and prejudice or a fundamental

miscarriage of justice."  *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007)

5

(citation omitted). Mr. Valdez's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Nonetheless, claims set forth in a 28 U.S.C. § 2254 action may be denied on the merits notwithstanding a failure to exhaust state court remedies. *See Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002); 28 U.S.C. § 2254(b)(2). The Court, therefore, will proceed to address the merits of Claims One and Two.

Claims One and Two are based on Mr. Valdez's argument that he was acquitted of being a previous offender in possession of a weapon in the State of Colorado Case No. 02CR170 because the evidence was insufficient to find that he was the individual who was convicted previously in Case No. 93CR1623, a State of Arizona case. Mr. Valdez further argues that Case No. 02CR170 collaterally estops any successive prosecutions, and the prosecution in Case No. 04CR1942 violated his right not to be subjected to double jeopardy. Mr. Valdez also argues that because the trial court identified him as Nicholas Leonard Valdez in Case No. 04CR1942, and he previously was found not to be Nicholas Leonard Valdez in Case No. 02CR170, the trial court lacked subject matter jurisdiction in Case No. 04CR1942 to prosecute him.

Mr. Valdez's double jeopardy claim lacks merit. "The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment," "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727-28 (1998). Nothing in Mr. Valdez's allegations indicate

6

that he has been punished multiple times for the same offense with respect to his conviction in Case No. 04CR1942, the case at issue in this habeas action. Furthermore, even though Mr. Valdez originally was charged as a previous offender in possession of a weapon in Case No. 04CR1942, the prosecution dismissed the count. **See Valdez v. Smelser**, No. 09-cv-00888-ZLW, Doc. No. 3 at 41. Claim Two, therefore, will be dismissed on the merits.

Claim One also is without merit. It does not matter that Mr. Valdez was acquitted of being a previous offender in possession of a weapon in a case prior to Case No. 04CR1942 or that his mittimus in Case No. 04CR1942 names the defendant as Nicholas Leonard Valdez rather than Nicholas Valdez. The trial court still had subject matter jurisdiction to prosecute Mr. Valdez. Whether Mr. Valdez is Leonard Valdez or Nicholas Valdez, he concedes his involvement in Case No. 04CR1942 by the handwritten comments he has made on an attachment to the application he filed in Case No. 09-cv-00888-ZLW in this Court. **See Valdez v. Smelser**, No. 09-cv-00888-ZLW, Doc. No. 3 at 40-62. Claim One, therefore, will be dismissed on the merits.

In Claim Three, Mr. Valdez asserts that the trial court and the prosecution in Case No. 04CR1942 violated his due process rights when they improperly allowed previous criminal history to be considered in Case No. 04CR1942. The Court finds that Claim Three raises due process violations by both the trial court and the prosecution and that the claim is exhausted. Claim Three will be drawn to a district judge and to a magistrate judge.

### III. Conclusion

Based on the above findings, it is

ORDERED that Claims One and Two are dismissed for the reasons set forth above. It is

FURTHER ORDERED that Claim Three shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 6th day of January, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02203-BNB

Nicholas Valdez
Prisoner No. 128140
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Majid Yazdi
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/7/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk