IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02203-MSK-MEH

NICHOLAS VALDEZ,

    Petitioner,

v.

RICHARD SMELSER, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

**RECOMMENDATION TO DENY APPLICANT'S MOTION TO RECONSIDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Pending before the Court is Applicant's "Motion to reconsider reinstating claims 1 and/or claims 2" [filed January 21, 2010; docket #14], which the Court construes as a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). The motion is referred to this Court for recommendation. (Docket #16.) The matter is briefed to the extent necessitated by the Court, and oral argument would not assist the Court in its adjudication. For the following reasons, the Court **RECOMMENDS** that Applicant's Motion be **DENIED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,

**I.     Background**

On September 24, 2009, Applicant *pro se* initiated this action by filing an amended Application seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket #5.) The amended Application raises three claims. In Claim One, Applicant argues that the trial court presiding over his criminal matter lacked subject matter jurisdiction over him because he was misidentified as "Nicholas Leonard Valdez" instead of "Nicholas Valdez." (Docket #5 at 6.) In Claim Two, Applicant asserts that the trial court subjected him to double jeopardy relating to a "previous offender" claim. (*Id.* at 7.) In Claim Three, Applicant alleges that the trial court and the prosecution violated his due process rights when they improperly allowed his previous criminal history to be considered. (*Id.*) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court presiding over this matter was required to review the Application and dismiss any portion for which the Applicant is not entitled to relief. In an order dated January 7, 2010, Judge Brimmer dismissed Claims One and Two of the Application on their merits. (*See* docket #12.) Judge Brimmer allowed Applicant's Claim Three to proceed. (*Id.*)

On January 21, 2010, Applicant filed the within motion objecting to Judge Brimmer's order dismissing Claims One and Two, arguing that (1) his "misidentification" in a previous case (*i.e.*, Applicant was identified as Nicholas Leonard Valdez instead of Nicholas Valdez) deprived the court of subject matter jurisdiction and (2) he has been "punished multiple times for the same offense of being a previous offender" because "res judicata (collateral estoppel) barred any successive prosecutions of Nicholas Valdez as previous offender Nicholas [L]eonard Valdez." (Docket #14 at 2-4.) (brackets in original). Applicant primarily argues that Claims One and Two should be

---

155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

reinstated because they are "valid Due Process violations." (*Id.* at 4.)

## II. Discussion

The Court must construe the Applicant's Motion to Reconsider liberally because Applicant is not represented by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant who is subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id.* Determining the rule that applies to a motion to reconsider depends on the time such motion is served. *Id.* A motion to reconsider filed within the time allowed under Fed. R. Civ. P. 59(e) should be considered pursuant to Rule 59(e), and a motion filed after the time allowed under Rule 59(e) should be considered pursuant to Rule 60(b).[2] *See id.* Fed R. Civ. P. 59(e) requires that a motion to alter or amend be "filed no later than 28 days after the entry of the judgment." Fed. R. Civ P. 59(e) (2010). Here, Applicant filed his Motion to Reconsider within twenty-eight days after Judge Brimmer's order was

---

[2] Effective December 1, 2009, Rule 59(e) is amended to provide that a motion to alter or amend a judgment may be filed within twenty-eight days after the entry of judgment. Previously, Rule 59(e) stated that a motion to alter or amend a judgment should be filed within ten days. In *Van Skiver*, the court held that if a motion was filed within ten days of a judgment it would be considered pursuant to Rule 59(e), which reflected the time that was given to file under 59(e) at the time of the decision: ten days. *See* 929 F.2d 1241. As the 2009 amendment to Rule 59(e) allows for twenty-eight days to file, this Court will consider a "motion to reconsider" pursuant to Rule 59(e) if it is filed within twenty-eight days of a judgment, consistent with the Tenth Circuit's determination in *Van Skiver*.

entered in this action on January 7, 2010. (*See* docket # 14.) Thus, this Court will consider the Motion to Reconsider pursuant to Rule 59(e). *See Van Skiver* 952 F.2d at 1243.

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997). A motion for reconsideration is inappropriate to re-argue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original application. *Paraclete*, 204 F.3d at 1012. Thus, such a motion is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* However, a motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1244.

Here, Applicant's motion refers to no "intervening change in controlling law" nor "the availability of new evidence." Thus, the Court construes Applicant's motion under the third ground that could justify reconsideration. For the reasons stated below, this Court finds no clear error nor manifest injustice resulting from Judge Brimmer's order.

In his Motion for Reconsideration, Applicant asserts that the trial court lacked subject matter jurisdiction because he was misidentified as "Nicholas Leonard Valdez," which essentially re-states Claim One of his original Application. (Docket #14 at 2.) Judge Brimmer held that "[t]he trial court still had subject matter jurisdiction to prosecute Mr. Valdez. Whether Mr. Valdez is Leonardo

4

Valdez or Nicholas Valdez, he concedes his involvement in Case No. 04CR1942 by the handwritten comments he has made on an attachment to the application he filed in Case No. 09-cv-00888-ZLW." (Docket #12 at 7 (citing *Valdez v. Smelser*, No. 09-cv-00888-ZLW, (D. Colo. July 31, 2009) (Application, docket #3 at 40-62)).) Applicant does not contend that Judge Brimmer misunderstood Applicant's position and fails to provide any evidence demonstrating that Judge Brimmer misapplied the law. Thus, this Court perceives no clear error or manifest injustice in Judge Brimmer's decision relating to the trial court's subject matter jurisdiction over Applicant.

Applicant also requests this Court to reconsider Claim Two within his original application. Applicant argues that he faces double jeopardy relating to a previous acquittal as a "previous offender," and "res judicata (collateral estoppel)" bars any successive claims against him as a "previous offender." (Docket #14 at 2-4.) Applicant does not refer to any new evidence previously unavailable and does not identify any intervening change in the controlling law. Applicant asserts that he faces double jeopardy for the "previous offender" charge because he was classified as such for the purposes of an "Inmate Reclassification Custody Rating." (*Id.* at 4.) In denying Applicant's claim for double jeopardy, Judge Brimmer addressed this point, noting that nothing indicates that Applicant has "been punished multiple times for the same offense with respect to his conviction in Case No. 04CR1942, the case at issue in this habeas action." (Docket #12 at 6-7.) Applicant was originally charged as a previous offender in the criminal matter, but the prosecution dismissed the count. (*Id.* at 7.) Applicant's claims that he has faced double jeopardy in relation to his Inmate Reclassification Custody Rating are irrelevant to the Writ of Habeas Corpus sought pursuant to Case No. 04CR1942, and charges brought against Applicant as a "previous offender" in that criminal case were dropped. Thus, this Court again perceives no clear error or manifest injustice in Judge

5

Brimmer's decision because there is no evidence that Applicant was punished multiple times for the same offense in Case No. 04CR1942.

Applicant's Motion for Reconsideration attempts to revive Claims One and Two of his Application, both of which were properly considered by Judge Brimmer. Nothing indicates that the Court misapplied the law or misunderstood Applicant's position. Accordingly, any attempt by Applicant to advance arguments now that were previously adjudicated by Judge Brimmer cannot serve as a basis to alter or amend the order dismissing Claims One and Two. *See Parclete*, 204 F.3d at 1012.

### III. Conclusion

Based on the foregoing, and the entire record herein, the Court hereby **RECOMMENDS** that Applicant's "Motion to reconsider reinstating claims 1 and/or claims 2" [filed January 21, 2010; docket #14] be **DENIED**.

Dated at Denver, Colorado, this 11th day of June, 2010.

                                            BY THE COURT:

                                            */s/ Michael E. Hegarty*

                                            Michael E. Hegarty
                                            United States Magistrate Judge