IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02203-MSK-MEH

NICHOLAS VALDEZ,

       Applicant,

v.

RICHARD SMELSER, Warden, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

       Respondents.

---

**OPINION AND ORDER ADOPTING RECOMMENDATION, OVERRULING
OBJECTIONS, AND DENYING MOTION TO RECONSIDER**

---

**THIS MATTER** comes before the Court on Petitioner Valdez' Objection[1] (**#34**) to the Magistrate Judge's Recommendation (**#33**) that Petitioner Valdez's Motion for Reconsideration of the dismissal of two of his claims (**#14**) be denied. The Respondents responded (**#20**) to the

---

[1] In reviewing Mr. Valdez's Objection and other filings, the Court is mindful that Mr. Valdez is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Motion, but did not respond to the Objection **(#34)**.

On September 2, 2005, Mr. Valdez was convicted on charges of attempted murder, menacing with a deadly weapon, and assault in Pueblo County, Colorado District Court Case No. 04cr1942 (the "Underlying Case"). He was sentenced to 24 years on the attempted murder conviction and to lesser, concurrent sentences for the other convictions.

He asserts three claims in this Application for a Writ of Habeas Corpus **(#5)**.[2] In his first claim, Mr. Valdez contends that the court in which his conviction was obtained lacked subject matter jurisdiction to prosecute the charges against him. The second claim alleges that this conviction subjected him to double jeopardy. The third claim generally alleges that the conviction and the resulting sentence were impacted by the conviction of the other Nicholas Valdez in the Arizona Case.[3]

Upon an initial review of Mr. Valdez's claims, the Court[4] issued an order directing the filing of a pre-answer response to address procedural challenges. The Respondent filed a Pre-Answer Response **(#11)**. Upon consideration of this filing and Mr. Valdez's Application, the

---

[2] All of Mr. Valdez's claims relate to an alleged mistake of identity between him and another Nicholas Valdez in a prior Colorado state court case. It appears that another "Nicholas Leonard Valdez" was convicted of a felony in Arizona state court Case No. 93cr1623 (the "Arizona Case"). In 2002, Mr. Valdez was charged in Pueblo County District Court Case No. 02cr170-B with carrying a concealed weapon and unlawfully possessing a weapon as a convicted felon (the "2002 Case"). The latter of the two charges was allegedly premised on the Arizona conviction of the other Nicholas Valdez. In the 2002 Case, Mr. Valdez was convicted of carrying a concealed weapon, but was acquitted of the charge premised upon the Arizona Case.

[3] The Court declines to further define the nature of this claim as it is not the subject of this Order.

[4] Magistrate Judge Boyd N. Boland.

2

Court[5] determined that the first and second claims were without merit and, therefore, dismissed the claims (the "Dismissal Order").[6]

Mr. Valdez moved to reinstate the dismissed claims **(#14)** , which motion was referred to the Magistrate Judge. The Magistrate Judge construed it as a motion for reconsideration of the order dismissing the claims. The Magistrate Judge's Recommendation finds no reason to reinstate the claims - no a change in controlling law, no new evidence not previously available, and no showing that the order of dismissal misapplied the law or that the Court misunderstood Mr. Valdez's position. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. Valdez timely objected to the Recommendation **(#34).**

The Court engages in a *de novo* review of the portions of the Recommendation to which Mr. Valdez objected. *See United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). With regard to his first Claim, Mr. Valdez objects to the Recommendation on the same grounds as he did with regard to the Dismissal Order. He contends that he was erroneously identified in the Underlying Case as Nicholas Leonard Valdez, and that as a consequence, the state court lacked subject matter over his prosecution. For the following reasons, the Court concludes that dismissal of Claim 1 is appropriate.

The Dismissal Order determined that the state court had subject matter jurisdiction over

---

[5] Judge Philip A. Brimmer.

[6] The Court is somewhat concerned that Mr. Valdez's claims were dismissed before he had an opportunity to file a brief on the merits of his claims. Indeed, by order of the Court, the Pre-Answer Response addressed only issues of timeliness and exhaustion of remedies, not the merits of the claims themselves. The Court's concern, however, is fully alleviated because Mr. Valdez has now had two full opportunities to address the merits of the first and second claims—in the Motion for Reconsideration **(#14)** and in the Objections to the Recommendation **(#34)**.

the criminal prosecution against Mr. Valdez. Subject matter jurisdiction concerns the court's authority to deal with a class of cases—here criminal cases—not a particular case falling within that class. *See People v. Stanley*, 169 P.3d 258, 260 (Colo. Ct. App. 2007). Mr. Valdez does not challenge the authority of the state court to preside in cases in which criminal charges are prosecuted; rather, he challenges the state court's authority to prosecute him in his particular case. Thus, dismissal of Claim 1 is and was appropriate.

Actually, what Mr. Valdez appears to argue is that the state court lacked personal jurisdiction over him. In the criminal context, personal jurisdiction is a court's power to subject a particular defendant to the decisions of the court. *See People v. Jones*, 140 P.3d 325, 328–29 (Colo. Ct. App. 2006). In Colorado, a person is subject to prosecution in any Colorado district court when he or she has committed an offense in Colorado. *See id.*; Colo. Rev. Stat. § 18-1-201. The physical presence of the defendant in the courtroom is sufficient to confer jurisdiction over the defendant in a criminal case. *See Selph v. Buckallew*, 808 P.2d 1106, 1108 (Colo. 1991). Mr. Valdez does not contest that the charges in the Underlying Case were based on conduct committed in the state of Colorado, nor that he was physically present in the state court for the proceedings in that case. His contention is that he was listed by the wrong name in the state court information and indictment. Such error does not affect whether the state court had personal jurisdiction over him. Accordingly, Mr. Valdez's objections are overruled.

In Claim 2, Mr. Valdez alleged that he had been tried (and punished) multiple times for the same offense. In the Dismissal Order, the Court determined that there were no facts to support this contention, and the Recommendation contains similar findings. Mr. Valdez objects to the Recommendation on the same grounds that he did to the Dismissal Order. He argues that

4

the relevant fact is that the conviction in the Arizona Case was erroneously listed on the information and indictment in the Underlying Case. After a *de novo* review of this claim, the Court concludes that dismissal of Claim 2 is also appropriate.

The double jeopardy clause includes two protections for criminal defendants: first, the protection against a multiple prosecutions for the same offense and, second, protection from multiple punishments for the same offense. *See Smith v. Dinwiddie*, 510 F.3d 1180, 1186 (10th Cir. 2007). Mr. Valdez has not offered any facts that suggest that he was prosecuted more than once for any offense. Although the indictment in the Underlying Case included a possession by a previous offender charge—the same charge as that brought in the 2002 Case—Mr. Valdez has offered no factual allegations to suggest that this charge was merely a repetition of the charge for which he was acquitted in 2002. Moreover, the state court record[7] indicates that the charge for possession by a previous offender in the Underlying Action was dismissed by the District Attorney prior to trial.[8]

As to multiple punishments, Mr. Valdez has not established that he was convicted, and

---

[7] Although the Dismissal Order was entered before the state court record was received by this Court, the Court has reviewed the record in accordance with conducting a *de novo* review of Mr. Valdez's first and second claims.

[8] Mr. Valdez also raises the issue of collateral estoppel. The doctrine of collateral estoppel precludes relitigation of an ultimate issue of face once it has been determined by a valid and final judgment. *See United States v. Wittig*, 575 F.3d 1085, 1098 (10th Cir. 2009). To apply the doctrine in the criminal context, the issue must have been the basis for the prior acquittal and the same issue must be essential to the prosecution in the subsequent proceeding. In this case, Mr. Valdez has not alleged that his acquittal for possession by a previous offender in the 2002 Case was based on a finding that he was not the person convicted in the Arizona Case nor has he alleged that such fact was essential in his conviction in the underlying case. Indeed, the offenses at issue in the 2002 Case and the Underlying Case are completely different. Accordingly, to the extent Mr. Valdez asserts his double jeopardy claim on the basis of collateral estoppel, it is without merit.

therefore sentenced more than once for any criminal offense. Indeed, he alleges that he was not the defendant in the Arizona Case so this conviction cannot form the basis of the multiple punishment claim. As for the two cases in which Mr. Valdez admits he was convicted, the convictions were for different crimes—he was convicted of carrying a concealed weapon in the 2002 Case, and of attempted murder, menacing, and assault in the Underlying Case. Furthermore, the double jeopardy clause is not implicated by the fact that the conviction in the Arizona Case inappropriately enhanced his sentence or affected the specifics of his incarceration in the Underlying Case because the use of statutes that take into account prior convictions does not constitute an additional penalty for the earlier crime. *See Witte v. United States*, 515 U.S. 389, 399 (1995). Mr. Valdez's challenge to the use of the Arizona Case in sentencing or determining his placement during incarceration in the Underlying Case is adequately included in the Claim 3, which remains pending in this action. Thus, Mr. Valdez's objections to the Recommendation and the Dismissal are overruled.

**IT IS THEREFORE ORDERED** that

(1) The Magistrate Judge's Recommendation **(#33)** is **ADOPTED**.

(2)   Mr. Valdez's Objections to the Recommendation **(#34)** are **OVERRULED**.

(3)   Mr. Valdez's Motion for Reconsideration **(#14)** is **DENIED**.

Dated this 4th day of August, 2010

                              **BY THE COURT:**

                              Marcia S. Krieger
                              United States District Judge