IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Marcia S. Krieger

Civil Action No. 09-cv-02203-MSK

NICHOLAS VALDEZ,

    Applicant,

v.

RICHARD SMELSER, Warden, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER ON PETITION FOR HABEAS CORPUS

The matter before the Court is Applicant's Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 5).  The Court has determined that the Application can be resolved on the parties' briefing and that no oral argument or evidentiary hearing is necessary.[1]

**I.**    **Background**

In 2004, a jury in Pueblo County, Colorado District Court case number 04CR1942 found Applicant guilty of attempted first degree murder after deliberation, menacing, and third degree

---

[1] *See* 28 U.S.C. § 2254(e); Fed. R. Governing Section 2254 Cases 8(a).

assault. He was sentenced to twenty-four years in prison. The Colorado Court of Appeals affirmed his conviction, and the Colorado Supreme Court denied certiorari review.

In April 2008, while Applicant's direct appeal in State court was pending, he filed a federal habeas petition in this Court. This application was denied without prejudice as a mixed petition.[2]

In May 2008, Applicant filed a Colo. R. Crim. P. 35(a) motion for post-conviction relief requesting the state district court correct his illegal sentence. The district court denied this motion, and this denial was affirmed by the Colorado Court of Appeals. The Colorado Supreme Court denied certiorari review.

## II.     Habeas Claims

On September 15, 2009, Applicant filed an Application For Writ Of Habeas Corpus.[3] On September 24, 2009, Applicant filed an Amended Application For Writ Of Habeas Corpus, which contains three numbered Claims.[4] Respondents thereafter filed a pre-Answer response.[5]

On January 7, 2010, Judge Philip A. Brimmer ordered the partial dismissal of the Amended Application.[6] Judge Brimmer dismissed Claim One, that the trial court lacked subject

---

[2]Valdez v. Smelser, No. 09-cv-00888-ZLW, Doc. No. 14 (D. Colo. July 31, 2009); Rose v. Lundy, 455 U.S. 509, 522 (1982); Harris v. Champion, 48 F.3d 1127, 1133 (10th Cir. 1995).

[3]Doc. No. 3.

[4]Doc. No. 5.

[5]Doc. No. 11 (Oct. 19, 2009).

[6]Order (Doc. No. 12).

matter jurisdiction to prosecute him, and Claim Two, that he was subjected to a double jeopardy violation, on the merits.[7] Applicant filed a motion to reconsider this ruling.[8] Magistrate Judge Michael E. Hegarty issued a Recommendation that the motion to reconsider be denied, and this Court accepted and adopted the Recommendation over objection.[9]

Applicant's Claim Three remains to be resolved. In this claim Applicant asserts that the trial court and the prosecution violated his due process rights when they improperly allowed previous criminal history to be considered in Case No. 04CR1942.

### III.    Legal Standard

#### A.    Habeas Corpus Actions

Because Applicant filed his Application after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), that statute governs the Court's review.[10] Under the AEDPA, a district court may only consider a habeas petition when the petitioner argues that he is "in custody in violation of the Constitution or laws or treaties of the United States."[11] Petitioner's Application was timely filed.[12]

---

[7] Id.

[8] Doc. No. 14 (Jan. 21, 2010).

[9] Doc. No. 36 (Aug. 4, 2010).

[10] Cannon v. Mullin, 383 F.3d 1152, 1158 (10th Cir. 2004) (*citing* Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)).

[11] 28 U.S.C. § 2254(a).

[12] 28 U.S.C. § 2244(d); Order (Doc. No. 12), at 2.

When reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court.[13] "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 . . . . [it] does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter*."[14]

The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[15] Exhaustion issues have already been handled by this Court in this matter.[16]

A writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[17]

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).[18] The threshold question pursuant to § 2254(d)(1) is whether a petitioner

---

[13] *See* Estelle v. Mcguire, 502 U.S. 62, 67-68 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

[14] Coleman v. Thompson, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted).

[15] O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

[16] *See* Order (Doc. No. 12; Jan. 7, 2010). Respondents continue to argue that Petitioner failed to exhaust his remedies in State court. *See* Answer To Order To Show Cause (Doc. No. 26; Mar. 11, 2010) at 6-7. Regardless of if there has been a failure to exhaust in this case, the Court may still deny habeas relief on the merits. 28 U.S.C. § 2254(b)(2).

[17] 28 U.S.C. § 2254(d)(1).

[18] *See* Cook v. McKune, 323 F.3d 825, 830 (10th Cir. 2003).

seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.[19] Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."[20] Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.[21]

If there is no clearly established federal law, that is the end of the Court's inquiry.[22] If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.[23]

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." [24] "The word 'contrary' is commonly understood

---

[19] *See* Williams v. Taylor, 529 U.S. 362, 390 (2000).

[20] Id. at 412.

[21] House v. Hatch, 527 F.3d 1010, 1016 (10th Cir. 2008).

[22] *See* id. at 1018.

[23] *See* Williams, 529 U.S. at 404-05.

[24] Maynard v. Boone, 468 F.3d 665, 669 (10th Cir. 2006) (internal quotation marks and brackets omitted) (*quoting* Williams, 529 U.S. at 405).

>to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'"[25]
>
>A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.[26]  Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.[27]

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one.[28]  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable."[29]  "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law."[30]  "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254."[31]

Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear

---

[25] Williams, 529 U.S. at 405 (citation omitted).

[26] Id. at 407-08.

[27] House, 527 F.3d at 1018.

[28] *See* Williams, 529 U.S. at 409-10.

[29] Id. at 411.

[30] Maynard, 468 F.3d at 671.

[31] Id.

and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'"[32]

The Court "owes deference to the state court's *result*, even if its reasoning is not expressly stated."[33] Therefore, the Court "must uphold the state court's summary decision unless [an] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented."[34] "[T]his 'independent review' should be distinguished from a full *de novo* review of the petitioner's claims."[35]

### B. *Pro Se* Litigant

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[36] However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[37] A court may not assume that an

---

[32]Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (*quoting* Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)).

[33]Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999).

[34]Id. at 1178.

[35]Id.

[36]Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also* Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[37]Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged.[38] The Applicant's *pro se* status does not entitle him to an application of different rules.[39]

**IV.   Applicant's Claim Three**

Claim Three is presented in the Amended Application as follows:

> Pueblo County District Court Judge Dennis Maes and the Pueblo County District Attorney's Office were present in case no. 02CR170-B when the applicant was exonerated of being previous offender. Later in case no. 04CR1942-B both court officers allowed previous offender's criminal history to dictate every phase of applicants due process violating applicants 5th Amendment. The submission of false evidence to the courts is a violation of Applicants Due Process and Federal/State Ethics in Government Act warranting investigation by Independent Counsel.[40]

With respect to claims asserting a denial of due process, a federal habeas court must "not question the evidentiary or procedural rulings of the state court unless [Applicant] can show that, because of the [alleged] actions, his trial, as a whole, was rendered fundamentally unfair."[41] Further, prosecutorial misconduct does not warrant federal habeas relief unless the conduct

---

[38] Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

[39] *See* Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002).

[40] Am. Application (Doc. No. 5), at 6.

[41] Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991).

complained of "so infected the trial with unfairness as to make the resulting conviction a denial of due process."[42]

Although Applicant claims that "court officers allowed previous offender's criminal history to dictate every phase of the Applicant's due process," he provides no concrete examples as to the alleged improprieties. Instead, Applicant argues that his rights have been violated because of an identity issue associated with a previous case, 02CR170.

Even after reviewing Applicant's arguments liberally, as is required for pro se litigants, the Court finds discussion of this identity issue irrelevant for purposes of analyzing his due process claim. As Judge Brimmer already addressed when dismissing Claim One, "[w]hether Mr. Valdez is [Nicholas] Leonard Valdez or Nicholas Valdez, he concedes his involvement in Case No. 04CR1942 by the hand-written comments he has made on an attachment to the application he filed in Case No. 09-cv-00888-ZLW in this Court."[43] Identity, if ever an issue, has already been handled and discussed when Applicant's jurisdiction and double jeopardy attacks were previously denied on the merits.

To the extent that Applicant claims that the judge and prosecutors improperly used details from *any* previous criminal case against him in 04CR1942, the Court finds only a single instance in the record. In his Colo. R. Crim. P. 35(a) appeal claiming that his sentence was

---

[42]Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); *see also* Mahorney v. Wallman, 917 F.2d 469, 472 (10th Cir. 1990) (DeChristoforo fundamental unfairness analysis used when prosectuor's arguments did not infringe on any specific constitutional right).

[43]Order (Doc. No. 12), at 7 (citing Valdez v. Smelser, No. 09-cv-00888-ZLW, Doc. No. 3 at 40-62).

illegal, Applicant argued that the trial court referred to his 1994 conviction at sentencing.[44] The appeals court rejected this argument, noting that his sentencing was also based on other factors including his history of escalating violence and his having been on probation when he committed the criminal offense in 04CR1942.[45] The Court finds the State court judge's sentencing statement did not violate Applicant's due process rights.

Accordingly, it is

**ORDERED** that Claim Three is dismissed on the merits.  It is

**FURTHER ORDERED** that Applicant's Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 5; Sep. 24, 2009) is denied.  It is

**FURTHER ORDERED** that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right.[46]

DATED this 12th day of April, 2011.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[44] In his state appeal, this argument was made in support of Applicant's double jeopardy claim, not his due process claim.

[45] People v. Valdez, No. 08CA2195, slip op. at 3 (Colo. App. Apr. 23, 2009).

[46] 28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a).